IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **KELSIE R. WHITTEN, JR., #2274035** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv566 |
| | § | |
| **AMBER VAN DEN RAADT, ET AL.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kelsie R. Whitten, Jr., proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983. (Dkt. #1). The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I.  BACKGROUND**

On May 3, 2022, the Court entered a Show Cause Order, directing that the Clerk of Court issue process and the United States Marshal serve Defendants Amber Vandenrandt[1] and UTMB Cole Unit. (Dkt. #13). On August 15, 2022, the "Process Receipt and Return" from the United States Marshals Service concerning Plaintiff's case was returned to the Court unexecuted as to Defendant Amber Vandenrandt. (Dkt. #18). The summons was returned, noting, "Certified mail returned. Subject not at address." (Dkt. #18).

On August 18, 2022, the Court advised Plaintiff of his obligation to find and provide the correct address for Defendant Amber Vandenrandt for service of process. (Dkt. #19). Plaintiff filed

---

[1] In Plaintiff's Complaint, he spelled Defendant's last name "Vandenrandt." In later pleadings, he spelled Defendant's last name "Van Den Raadt." The spelling of Defendant's last name was ultimately changed on the docket from "Vandenrandt" to "Van Den Raadt." (*See* Dkt. #36).

1

a response (Dkt. #21), stating he was unable to find the current address of Defendant Vandenrandt and asked the Court for assistance in locating her. On September 20, 2022, the Court again advised Plaintiff that it was his obligation to find and provide the correct address for Defendant Vandenrandt and ordered Plaintiff, within ten days from the entry of the Order, to supply the United States Clerk's Office with the current address of Defendant Vandenrandt so that service could be made on her. (Dkt. #22). Plaintiff filed a motion for an extension of time (Dkt. #24) in which to supply the Clerk's Office with the current address of Defendant Vandenrandt. (Dkt. #23). On October 20, 2022, the Court granted the motion and ordered Plaintiff to supply the United States Clerk's Office with the current address of Defendant Vandenrandt within ten days from the entry of the Order. (Dkt. #25).

When no action was taken to comply with the Order, the Court issued a Report and Recommendation (Dkt. #27) on November 21, 2022, recommending the claims against Defendant Amber Vandenrandt be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b). Thereafter, Plaintiff provided the Clerk's Office with an updated address for Defendant Amber Vandenrandt. (Dkt. #29). On December 5, 2022, the Court entered an Order withdrawing the Report and Recommendation (Dkt. #27) and directing that the Clerk of Court issue process and the United States Marshal serve Defendant Amber Vandenrandt. (Dkt. #30).

On March 20, 2023, the "Process Receipt and Return" form from the United States Marshals Service again was returned to the Court unexecuted as to Defendant Amber Vandenrandt. (Dkt. #32). The summons was returned, indicating the Marshals Service was unable to locate the named individual. (Dkt. #32). On March 21, 2023, the Court issued another Order for Plaintiff to provide the correct address of Defendant Amber Vandenrandt for service of process. (Dkt. #33). Plaintiff filed a response, stating that the address he provided was the only address listed for

Defendant. (Dkt. #35). However, Plaintiff spelled Defendant's last name differently ("Van Den Raadt") than he had in earlier pleadings ("Vandenrandt"). (Dkt. #35). In an abundance of caution, the Court issued an Order directing that the Clerk of Court issue process and the United States Marshal serve Defendant Amber Van Den Raadt at the address previously provided. (Dkt. #36).

On May 23, 2023, the "Process Receipt and Return" form from the United States Marshals Service concerning Plaintiff's case again was returned to the Court unexecuted as to Defendant Amber Van Den Raadt. (Dkt. #40). The summons was returned, noting, "No longer works at address" (Dkt. #40), and certified mail addressed to Amber Van Den Raadt was returned, noting, "Return to Sender. No longer works here" (Dkt. #39).

## II.  DISCUSSION

**A.  <u>Defendant Amber Van Den Raadt</u>**

**1.  Failure to Effect Service**

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Fifth Circuit has held that a litigant's *pro se* status does not excuse failure to effect proper service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

3

While a plaintiff proceeding *in forma pauperis* is entitled to rely on service by the United States Marshals Service and should not be penalized for failure of the Marshals Service to properly effect service of process where such failure is through no fault of the litigant, a plaintiff may not remain silent and do nothing to effectuate service, or to aid the effecting of such service. *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (responsibility of effecting service of process rests, at the end of the day, with the plaintiff).

In this case, the Court has three times ordered that service be delivered to the Marshals Service, and the Marshal attempted to serve process at the last known address of Defendant Amber Vandenrandt /Van Den Raadt three different times. This comports with the dictates of Rule 4. *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 448 (5th Cir. 1996). Each time service was returned unexecuted, the Court ordered Plaintiff to provide the updated address for Defendant Amber Vandenrandt/Van Den Raadt so that service could be made on her. Plaintiff has failed to provide a correct address for Defendant Amber Vandenrandt/Van Den Raadt. The Court has given Plaintiff adequate opportunity to provide the requested information for preparation of service of process. The Marshals Service has attempted to serve Defendant Amber Vandenrandt /Van Den Raadt for over one year. On the instant record, the Court finds no good cause to extend the time for service. Because the Court is without personal jurisdiction over unserved defendants, Plaintiff's claims against Defendant Amber Van Den Raadt should be dismissed under Rule 4(m). *See Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Isom v. Infinity Cnty. Mutual Ins. Kemper Auto*, No. 4:21-CV-275-ALM-CAN, 2021 WL 3912192, at *2 (dismissing under Rule 4(m) where "Plaintiff []

wholly failed to comply with both the Federal Rules of Civil Procedure and the Court's Orders directing preparation of summons and service"), *report and recommendation adopted*, No. 4:21-CV-275, 2021 WL 3884220 (E.D. Tex. Aug. 31, 2021).

### 2. Failure to Prosecute

The claims against Defendant Amber Van Den Raadt should also be dismissed for failure to prosecute the case. A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

In the present case, Plaintiff has failed to comply with the Court's orders (Dkt. ##19, 22, 25, 33) directing Plaintiff to provide the current address of Defendant Amber Van Den Raadt so that service could be made on her. Accordingly, the claims against Defendant Amber Van Den Raadt should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See* Fed. R. Civ. P. 41(b). *See Calvin v. Harrington*, No. 3:19-cv-02294-G-BT, 2020 WL 5415740, at *2 (N.D. Tex. Apr. 28, 2020) ("Because Calvin has not properly served his lawsuit on any [individual] Defendant and has not provided the Court with the information necessary to accomplish effective service on his behalf, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b)."), *report and*

*recommendation adopted in part*, No. 3:19-cv-02294-G-BT, 2020 WL 2703513 (N.D. Tex. May 22, 2020); *Mathes v. City of Corinth, Texas Police Dep't*, No. 4:18-cv-651, 2019 WL 1232857, at *1 (E.D. Tex. Feb. 10, 2019) ("Plaintiff's claims are also properly dismissed without prejudice under Rule 41(b) for his failure to provide the address information [for the defendant]."), *report and recommendation adopted*, No. 4:18-cv-651, 2019 WL 1233742 (E.D. Tex. Mar. 14, 2019); *Sandoval v. Am. Laser Skin Care, LLC*, 5:14-cv-338-DAE, 2015 WL 518801, at *7 (W.D. Tex. Feb. 2, 2015) (dismissing complaint under Rules 4 and 41 for the failure of the *pro se* plaintiff, proceeding *in forma pauperis*, to prepare summons to be served by the U.S. Marshal Service).

## B. Defendant UTMB Cole Unit

Plaintiff names the UTMB Cole Unit as a defendant in the caption of his Complaint but does not identify the UTMB Cole Unit in the "Parties to this Suit" section (Section IV of the Complaint), nor does he specifically mention the UTMB Cole Unit in any of the factual allegations. (Dkt. #1). Nonetheless, a summons was prepared for the UTMB Cole Unit. (Dkt. #14), but it is unclear whether service was executed. No responsive pleading has yet been filed on behalf of the UTMB Cole Unit. Regardless, the Court has continuing authority to screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A[2] at any point during the proceedings. Specifically, 28 U.S.C. § 1915 requires a court to dismiss an *in forma pauperis* complaint "at any time" if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)) ("A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before

---

[2] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, because Plaintiff is a prisoner and his civil action seeks redress from a governmental entity or officer or employee of a governmental entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A.

or after the defendant's answer."); *see also Nevarez v. Nevarez*, No. EP-22-CV-442-DCG, 2023 WL 3880080, at *1 (W.D. Tex. Jan. 17, 2023); *Calhoun v. Caldwell Cnty. Jail*, No. A-14-CA-832-LY, 2015 WL 4249380, at *5 (W.D. Tex. July 15, 2015).

The Court concludes any claims against the UTMB Cole Unit itself must be dismissed. The UTMB Cole Unit is simply a prison, and a "prison is a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Angel-Crowell v. Payn*, No. 6:23-cv-047, 2023 WL 2623253, at *2 (E.D. Tex. Feb. 21, 2023), *report and recommendation adopted sub nom. Angel-Crowell v. Payne*, No. 6:23-cv-47-JDK-KNM, 2023 WL 2616081 (E.D. Tex. Mar. 23, 2023) (quoting *Bland v. Terrebonne Par. Crim. Just. Complex*, No. CIV.A. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009)); *Rathmann v. Mississippi Dep't of Corr.*, No. 3:20-cv-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Miss. Jan. 29, 2021) ("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term.") (punctuation and citation omitted). Even if the Court construed Plaintiff's claim to be against the Texas Department of Criminal Justice ("TDCJ") itself, the TDCJ is absolutely immune from suit under Section 1983 as a state agency, pursuant to the Eleventh Amendment. *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009). Accordingly, Plaintiff fails to state a viable claim against either the UTMB Cole Unit or the TDCJ.

## C. **Strike under 28 U.S.C. § 1915(g)**

Under the PLRA, an inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g). The statutory provision was designed to stop abusive litigious practices employed by inmates.

Because the Court is recommending dismissal of some of Plaintiff's claims in this case as failing to state a claim upon which relief may be granted, it is further recommended that Plaintiff be advised that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915, and that should he accumulate three strikes, he may be denied *in forma pauperis* status and be required to pay the full filing fee when filing additional civil actions or appeals unless he demonstrates that he is in imminent danger of serious physical injury.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's suit be dismissed. Plaintiff's claims against Defendant Amber Van Den Raadt should be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b). Plaintiff's claim against Defendant UTMB Cole Unit should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e) for failure to state a claim upon which relief can be granted. The Court further recommends this dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 3rd day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE